O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-1799 MMM (SSx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | Charles D. Minor v. Douglas Shulman *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Plaintiff's Motion to Disqualify

Pending before the Court is Plaintiff's Petition For Relief From Judgment, to the extent that Petition is construed by the Court as a Motion To Disqualify Judge Margaret M. Morrow and Magistrate Judge Suzanne H. Segal. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court DENIES Plaintiff's Motion.

I.   Background

*Pro se* plaintiff Charles D. Minor ("Plaintiff") commenced this action in Los Angeles Superior Court on February 4, 2009, naming as defendants Douglas Shulman and Selvi Stanislaus, in their capacities as, respectively, Commissioner of the Internal Revenue Service and Executive Officer of the California Franchise Tax Board. *See Notice of Removal*. Plaintiff's suit is based on allegations that the defendants unlawfully deprived him of property in the course of their tax collection efforts. *See First Amended Complaint ("FAC")* 1-7.

On March 16, 2009, the United States, on behalf of the Commissioner of the IRS, removed the action to this Court. The case was subsequently transferred to Judge Margaret M. Morrow, on the grounds that it was related to a case already pending before her. *See Order Re Transfer* (Dkt. # 9). All discovery matters were assigned at that time to Magistrate Judge Suzanne H. Segal. *See id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1799 MMM (SSx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | Charles D. Minor v. Douglas Shulman *et al.* | | |

On April 14, 2009, Defendant Shulman filed a Motion to Dismiss Plaintiff's First Amended Complaint. That motion was granted, and on May 29, 2009, the Court entered judgment in favor of Defendant Shulman and ordered that Plaintiff's remaining claims be remanded to state court for further proceedings. *See Judgment* (Dkt. # 24).

Plaintiff has now filed a Petition For Relief From Judgment ("Petition"). Among the Petition's prayers for relief are requests that all judges in the case be recused and that an "independent non-biased Article III judge" be appointed to preside over the case. *See Petition* 15. For this reason, the Court has construed Plaintiff's Petition as a Motion to Disqualify Judge Margaret M. Morrow and Magistrate Judge Suzanne H. Segal ("Motion") and has referred the Motion, per General Order 08-05 and Local Rule 72-5, to Judge Philip S. Gutierrez, before whom the Motion is now pending.

II.     Legal Standard

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. The former provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Similarly, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *See* 28 U.S.C. § 455(a) & (b)(1).

Under both recusal statutes, "the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault,* 543 F.3d 1038, 1043 (9th Cir. 2008). With regard to this standard, the Ninth Circuit has explained:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1799 MMM (SSx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | Charles D. Minor v. Douglas Shulman *et al.* | | |

Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

*F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted); *Pesnell,* 543 F.3d at 1043. Indeed, judicial rulings alone—that is, apart from surrounding comments or accompanying opinion—almost never constitute a valid basis for disqualifying bias. *See Liteky v. United States,* 510 U.S. 540, 556, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994).

III.  Discussion

The overwhelming majority of Plaintiff's Petition For Relief From Judgment is dedicated to enumerating ways in which the Court supposedly violated Plaintiff's due process rights and otherwise overstepped its authority under the Constitution in the course of this litigation. Plaintiff alleges, for example, that the Court violated Plaintiff's due process rights by dismissing Plaintiff's complaint, *see Petition* 4, by denying Plaintiff a trial by jury, *see id.* at 5, and by "ignoring the Constitution and laws pursuant thereof." *See id.* at 6. Buried within these allegations are two references to the Court's alleged bias against Plaintiff. *See id.* at 8, 12. Neither, however, is grounds for recusal.

In his first accusation of bias, Plaintiff states:

This judge is so biased for the defense that she ignores the only testimony and evidence on the record and assumes facts not in evidence. She has assumed that Petitioner has some undisclosed tax liability even in the absence of lawful evidence. A judge is to be impartial and cannot take sides. As Supreme Court Justice John Roberts stated in his acceptance speech, the Court is to be independent and can not have a client. This court does. It is acting for the defense in violation of the Judicial Cannons.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1799 MMM (SSx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | Charles D. Minor v. Douglas Shulman *et al.* | | |

*Id.* at 8. The Court notes that these allegations contain no assertion that Judge Morrow's alleged partiality is based on extrajudicial sources, nor do they indicate that Judge Morrow displayed anything like a "deep-seated and unequivocal antagonism that would render fair judgment impossible." *See F.J. Hanshaw Enters.,* 244 F.3d at 1144-45. The Court, therefore, finds that these allegations do not necessitate recusal.

    Plaintiff's second accusation of bias reads:

> The court . . . makes the frivolous claim that "any funds a taxpayer receives are presumed to be gross income absent proof that an exception listed in the Internal Revenue Code applies." This is clear, incontrovertible proof that the court assumes facts not in evidence. The court by its own statement admits that it is biased against Petitioner.

*Petition* 12. Again, these allegations fail to indicate the presence of partiality based on extrajudicial sources or a "deep-seated and unequivocal antagonism that would render fair judgment impossible." *See F.J. Hanshaw Enters.,* 244 F.3d at 1144-45. Thus, the Court finds that no allegations in Plaintiff's Petition support his request for Judge Morrow's recusal.

    Finally, the Court notes that none of the allegations in Plaintiff's Petition For Relief From Judgment appear to relate in any way to Magistrate Judge Suzanne H. Segal. There is, therefore, no basis on which to disqualify her.

IV.    <u>Conclusion</u>

    For the foregoing reasons, to the extent Plaintiff's Petition For Relief From Judgment is construed by the Court as a Motion to Disqualify, that Motion is DENIED.

    **IT IS SO ORDERED.**